**Peter R. SUTHERLAND, Plaintiff,**

v.

**AUTUMN CORPORATION, d/b/a Autumn Care of Saluda, Defendant.**

**Civ. No. 4:98CV270.**

United States District Court, W.D. North Carolina, Shelby Division.

Dec. 14, 2000.

Peter R. Sutherland, Saluda, NC, Pro se.

James C. Dever, III, Joel H. Katz, Maupin, Taylor & Ellis, P.A., Raleigh, NC, for Autumn Corporation dba Autumn Care of Saluda.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Defendant's motion for summary judgment, opposed by the Plaintiff. For the reasons stated herein, the Defendant's motion is granted.

### I. STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party, here the Plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A "mere scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* Moreover, in considering the facts of the case for purposes of the Defendant's motion, the Court will view the pleadings and material presented in the light most favorable to the Plaintiff, as the nonmoving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[B]earing in mind that summary judgment should be used only sparingly in employment discrimination cases," summary judgment is nonetheless "appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party". *White v. Rice*, 46 F.3d 1130 (table), 1995 WL 20796, *2 (4th Cir.1995) (citing *Ballinger v. North Carolina Agric. Extension Serv.*, 815 F.2d 1001, 1004–05 (4th Cir.1987) and *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505).

### II. STATEMENT OF FACTS

Plaintiff was employed as a nurse at the Defendant's facility in Saluda, North Carolina, from April 1994, to September 1997. Complaint, at 2–3. On May 30, 1997, Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination, which was eventually settled. *Id.*, at 2. Plaintiff's employment was terminated by the Defendant on September 10, 1997. *Id.*, at 3. Plaintiff alleges that he was terminated because he filed a charge with the EEOC. *Id.*, at 2–3. The Defendant denies this, and states that Plaintiff was terminated for repeated violations of the company's overtime policy. Defendant's Memorandum in Support of Motion for Summary Judgment, at 2–4.

### III. DISCUSSION

Plaintiff has the initial burden of proving a *prima facie* case of retaliatory discharge. *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir.1998). "To prove a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that (1)[he] engaged in protected activity, (2) the employer took adverse action against [him], and (3) there was a causal connection between the activity and the adverse action." *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 443 (4th Cir. 1998) (citation omitted). "The employer may rebut plaintiff's *prima facie* case by articulating non-retaliatory reasons for its actions. The burden then shifts back to plaintiff to prove the pretextual nature of those reasons." *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir.1994) (internal citations omitted).

Clearly, Plaintiff has satisfied the first two prongs of this test. Namely, he filed a charge with the EEOC, and he was subsequently fired. *See Tinsley*, 155 F.3d at 443. Thus, the focus shifts to whether the Plaintiff has established a causal link between the two events. In the case *sub judice*, he has not.

"Normally, very little evidence of a causal connection is required to establish a *prima facie* case." *Id.* (citation omitted). Indeed, "the discharge of an employee soon after the employee engages in protected activity is strongly suggestive of

retaliatory motive and thus indirect proof of causation." *Carter*, 33 F.3d at 460 (citing *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 110 (1st Cir.1988)). In *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir.1989), the Fourth Circuit found that where the employer, with knowledge of a pending discrimination case, fired the plaintiff only four months after she had filed her discrimination charge, the causal link necessary to establish a *prima facie* case of retaliatory discharge had been shown.

Here, Plaintiff was fired four months after filing his EEOC charge. However, Plaintiff has proffered no evidence that the two people who made the decision to fire him knew that he had filed the EEOC charge. *See* Sutherland Deposition, at 190–91. In his deposition, the Plaintiff states that he has no proof that either of the individuals involved in his termination were aware of the EEOC charge. *Id.* Instead, he seeks to proceed to trial on an unsubstantiated hunch: "all the things that I was experiencing gave me a strong opinion that something was up.... How can you explain all this stuff? If I was—if I was a good nurse, how can you explain all this stuff?" *Id.*, at 190. "But the mere fact that adverse action occurred is not evidence that the action was retaliation for the filing of a claim; otherwise, the third element of a *prima facie* case would have been read out of existence." *Tinsley*, 155 F.3d at 444. In short, because Plaintiff has offered no evidence from which a reasonable juror could infer causation, the Defendant is entitled to summary judgment. *See id.; accord White*, 1995 WL 20796, at *4 ("If the decisionmaker was unaware of the protected activity, then any finding of liability for retaliation is foreclosed.") (citing *Williams*, 871 F.2d at 457).

Even assuming *arguendo* that Plaintiff could establish a *prima facie* case, the Defendant has articulated a legitimate, non-retaliatory reason for Plaintiff's discharge. Through the affidavit of Alice Dixon, the Administrator at the Defen-

dant's Saluda facility and one of the individuals who decided to fire the Plaintiff, the Defendant states that the decision to fire the Plaintiff was reached after repeated counseling against violating the company's overtime policy was ignored by Plaintiff. *See* Dixon Affidavit, *attached to* Defendant's Memorandum in Support of Summary Judgment. Dixon states that a meeting was convened between Plaintiff, Dixon, and Urusla Ward, the Director of Nursing and Plaintiff's immediate supervisor, on July 14, 1997, to counsel Plaintiff about his violation of the company's overtime policy. *Id.*, at ¶'s 3–5. Plaintiff continued to violate the overtime policy, and was given two written warnings on August 27, 1997. *Id.*, at ¶ 6. On September 9, 1997, Dixon noticed that Plaintiff had violated the overtime policy the preceding week. *Id.*, at ¶ 7. Dixon met with Ward to discuss the ongoing situation, at which time they decided to fire Plaintiff for insubordination and his persistent refusal to adhere to the company's overtime policy. *Id.*, at ¶'s 8–9.

Having offered a non-discriminatory reason for Plaintiff's discharge, the burden shifts back to him to establish that the Defendant's reasons are mere pretext. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir.1996). Here again, Plaintiff has put forth no evidence upon which a reasonable jury could find in his favor. He argues that other employees who violated the overtime policy were not fired, but offers no evidence to support his allegation. *See Karpel*, 134 F.3d at 1229 ("Because [the Plaintiff] presented no evidence that the reasons given for her [discharge] were pretextual, [she] failed to raise a genuine issue of material fact."); *Tinsley*, 155 F.3d at 443 (unsworn assertions are inadmissible for summary judgment purposes). Improper behavior, such as violating a company's overtime policy, is not immunized by filing an EEOC charge. *Glover v. South Carolina Law Enforcement Div.*, 170 F.3d 411, 414 (4th Cir.1999), *cert. dismissed*, —— U.S.

——, 120 S.Ct. 1005, 145 L.Ed.2d 1065 (2000). Indeed, "[e]mployers retain, as they always have, the right to discipline or terminate employees for any legitimate, nondiscriminatory reason." *Id.* (citation omitted). Because Plaintiff has presented no evidence tending to show that the Defendant's given reasons for his termination were false or that retaliation was the real reason, summary judgment for the Defendant must be granted. *Tinsley,* 155 F.3d at 444–45; *Carter,* 33 F.3d at 460.

## IV. ORDER

**IT IS THEREFORE, ORDERED** that Defendant's motion for summary judgment is **GRANTED**. A Judgment dismissing this action is filed herewith.

## *JUDGMENT*

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendant's motion for summary judgment is **ALLOWED,** and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.